Name: Roland L. Milliard
Address: Law Office of Roland L. Milliard, 1470 Lakeview Avenue, Suite 2, Dracut, MA 01826
Telephone: 978-957-6799/roland@milliardlaw.com

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: _____

| | |
|---|---|
| Dominik Hok Lay )<br>    Plaintiff )<br>vs. )<br>The City of Lowell, Christine P. O'Connor, individually )<br>and in her official and supervisory capacities as the City )<br>Solicitor for the City of Lowell, Elliott J. Veloso, )<br>individually and in his official capacity as Assistant City )<br>Solicitor for the City of Lowell, Nicholas Anastasi, )<br>individually and in his official capacity as Assistant City )<br>Solicitor for the City of Lowell, Beverly Anthes, as an )<br>Election Commissioner of the City of Lowell, Zoe Dzineku, )<br>as an Election Commissioner of the City of Lowell, )<br>James Pope, as an Election Commissioner of the City of )<br>Lowell, Eileen Donoghue, as Manager of the City of Lowell )<br>    Defendants                                ) | COMPLAINT |

### A. JURISDICTION AND VENUE

1. Jurisdiction is proper according to 42 U.S.C. §1983 and 28 U.S.C. § 1367. Venue is proper in this judicial district under 28 U.S.C. § 1391, because the events giving rise to this civil action occurred in this judicial district.

### 2. THE PARTIES

2. The Plaintiff is an individual and resides in the City of Lowell.
3. The Defendant City of Lowell is a body politic within the Commonwealth of Massachusetts.
4. Defendant Christine P. O'Connor is an individual, member of the Massachusetts Bar, and at all times relevant herein was the City Solicitor for the Defendant City of Lowell.
5. Defendant Elliott J. Veloso is an individual, member of the Massachusetts Bar, and at all times relevant herein was an Assistant City Solicitor for the Defendant City of Lowell.

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

6. Defendant Nicholas Anastasi is an individual, member of the Massachusetts Bar, and at all times relevant herein was an Assistant City Solicitor for the Defendant City of Lowell.
7. Defendant Beverly Anthes is an individual, and at all times relevant was an Election Commissioner for the Defendant City of Lowell.
8. Defendant Zoe Dzineku is an individual, and at all times relevant was an Election Commissioner for the Defendant City of Lowell.
9. Defendant James Pope is an individual, and at all times relevant was an Election Commissioner for the Defendant City of Lowell.
10. Defendant Eileen Donoghue is an individual, and at all times relevant was the Manager of the Defendant City of Lowell.

### 3. THE FACTS

11. The Plaintiff was a candidate for the School Committee race in the City of Lowell in the 2019 municipal elections.
12. The Plaintiff placed seventh in the election.
13. The top six finishers become the members of the school committee.
14. The mayor of Lowell, *ex officio*, serves as the seventh member and as Chairman of the School Committee.
15. On or about February 26, 2021, a member of the Lowell School Committee resigned.
16. According to the procedure normally followed by the City of Lowell, The Plaintiff would take the now vacant seat.
17. On or about March 2, 2021, the City of Lowell's law department instigated an investigation as to whether the Plaintiff was, in fact, a resident of the City of Lowell.
18. The City of Lowell maintained that the Plaintiff was, in fact, a resident of 99 Litchfield Street, Brighton, Massachusetts and not 363 Walker Street, Lowell, Massachusetts.
19. The City of Lowell began this investigation in spite of the fact that the Plaintiff had served a full term on the Lowell School Committee from 2018-2019, using the same 363 Walker Street address.
20. The procedure to challenge the qualification of a voter or candidate is outlined within M.G.L. c. 51, §47B and M.G.L. c. 51, §48.
21. There had been no filing pursuant to either statute to challenge the qualifications of the Plaintiff.

Roland L. Milliard
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

22. The Plaintiff was given a hearing before the Defendant Election Commissioners on Tuesday, March 9, 2021 and Thursday, March 11, 2021.
23. Prior to the hearing on March 9, 2021, the Plaintiff provided a packet to the Defendant Commissioners that included a statement from counsel, an Affidavit from the Plaintiff, Exhibits supporting the Affidavit, and various statutes and case law to prove that he in fact does reside in Lowell.
24. The Parties were asked to supplement their submissions by 5:00 p.m. on Wednesday, March 10, 2021.
25. The Defendant City, ex parte, requested an extension to file its submission.
26. Plaintiff's counsel objected to the extension.
27. Defendant Elliot Veloso, an assistant city solicitor, acting as the legal advisor to the Election Commissioners and as the Director of Elections granted the request of his superior, the City Solicitor, who was prosecuting the case, and the extension was granted.
28. In a 20 minute or so supplemental proceeding, the Defendant Election Commission voted 1 in favor of the Defendant City, 1 abstaining, and 1 not voting, that the Plaintiff is not a bona fide resident of Lowell.
29. The Director of Elections then ruled that the vote was that the Plaintiff is not a resident of Lowell and therefore incapable of taking the seat.
30. Crucial in the result of this hearing were two incorrect rulings of law made by Defendant Veloso.
31. One was that the chair does not vote unless there is a tie.  The second was that the vote of 1 in favor of the Defendant City, 1 abstaining, and 1 not voting was a carried Motion.
32. Defendant Veloso knew, or should have known, under Massachusetts law, absent a statutory exclusion, the Chair is authorized to vote on any issue before the body.
33. Defendant Veloso knew, or should have known, under Massachusetts law, that a vote of 1 in favor, 1 abstaining, and 1not voting does not result in a ruling in favor of the Motion made.
34. Defendant Veloso knew, or should have known, under Massachusetts law, the requirements to bring the matter to the attention of the Election Commission, to wit either M.G.L. c. 51, §47B and M.G.L. c. 51, §48.

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

35. As a member of the Massachusetts Bar, Defendant Veloso had a duty to investigate independently the Complaint brought before the Election Commission and to make sure the complaint had been brought pursuant to the appropriate statutes.
36. No such Complaints had been brought before the Election Commission.
37. Defendant Election Commissioners knew the correct procedure to bring before them a complaint and also knew neither procedure had been followed.
38. The fact that no proper complaint had been filed was made known to Defendant Veloso in writing prior to the hearings and at both hearings.
39. The fact was also made known at both hearings to Defendant Election Commissioners.
40. In spite of this, the Defendant Election Commissioners proceeded with the hearing.
41. Defendant Veloso also allowed the matter to proceed as prosecuted by his superior, the City Solicitor, Defendant Christine P. O'Connor.
42. Defendant Veloso never advised the Defendant Election Commissioners as to the law on proper procedure to bring before them a complaint.
43. The evidence produced by the Defendant City of Lowell, to include irrelevant, incompetent, and immaterial questions asked by Defendant Election Commissioner Pope of the Plaintiff on March 11, 2021, was insufficient was a matter of law to support the vote of the Defendant Election Commissioners.
44. As a result of the ruling by Defendant Veloso, pursuant to the complaint brought by his superior, Defendant O'Connor, Plaintiff was forced to file three law suits in Middlesex County Superior Court and to defend two appeals in The Massachusetts Court of Appeals.
45. On March 12, 2021, Plaintiff filed 2181CV00551 in Middlesex County Superior Court seeking to overturn the decision of Defendant Election Commissioners.
46. A hearing was held on the matter on March 23, 2021.
47. On March 24, 2021, White, J., issued a Memorandum and order that Plaintiff was domiciled in Lowell and eligible to take the seat.
48. On March 25, 2021, the Judgment was entered into the docket by the clerk.
49. On March 26, 2021, Defendant City, by Defendant O'Connor, filed a Notice of Appeal of the decision and order.
50. On March 24, 2024, Plaintiff, through counsel, served a written request on Defendants City of Lowell and O'Connor pursuant to the Public Records Act, M.G.L.

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

c. 4, §7, clause 26, and M.G.L.c. 66, §10, for all documents that gave rise to the Defendant City's actions on the matter of the School Committee seat.

51. Ten days elapsed and there was no response to the request.
52. On April 8, 2021, Defendant filed 2181CV00792 in Middlesex Superior Court seeking a Writ of Mandamus to compel the production of the documents.
53. Also on April 8, 2021, Defendant filed 2181CV00783, seeking to hold the Defendant City of Lowell and the Defendant Election Commissioners in contempt for failing to honor the decision of the Superior Court and not swearing the Defendant into office.
54. On April 9, 2021, the Defendant City of Lowell filed a Motion to Stay Proceedings.
55. On April 21, 2021, the Defendant City filed a Motion for Relief from Judgment and a Motion to Reconsider.
56. On May 4, 2021, White, J. denied the Defendant City's Motion for Reconsideration and Relief from Judgment.
57. On May 7, 2021, Sarrouf, J. denied the Defendant City of Lowell's Motion to Stay Proceedings.
58. As a result of the rulings, the Defendants agreed to swear the Plaintiff in as a member of the school committee and he was sworn in on May 12, 2021.
59. As a result of the swearing in, 2181CV00783 was moot and was not pursued by the Plaintiff.
60. On April 28, 2022, the Appeals Court, 101 Mass. App. Ct. 15 (2022), affirmed the Judgment of the Superior Court.
61. On July 22, 2022, Lu, J. ordered the Defendant City of Lowell to produce documents responsive to the request for documents pursuant to the Public Records Act.
62. On or about September 29, 2022, Defendant O'Connor sent a letter to Plaintiff's counsel stating there were no documents "other than those already produced" that were responsive to the request.
63. The letter also stated that no written complaint had been filed.
64. On or about August 31, 2023, Plaintiff, through counsel, served a written demand on Defendant City of Lowell pursuant to the Massachusetts Tort Claims Act, M.G.L. c.258.
65. On September 26, 2023, the Defendant City responded in writing and declined to make an offer of settlement.

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

## COUNT I

### VIOLATION OF TITLE 42, §1983
### United States Constitution, Fourteenth Amendment

66. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

67. The Defendant, Christine P. O'Connor, acting individually and in her official capacity as City Solicitor for the City of Lowell, acting under color of law, denied the Plaintiff the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, in that she instigated, without proper cause and in violation of the Massachusetts Statutes provided for same, a procedure designed to deny the Plaintiff his lawfully won seat on the Lowell School Committee.

68. The procedure was without cause, was not instigated in accordance with the laws providing for same, and was done for the express purpose of denying the Plaintiff his lawfully won elected office.

69. The conduct of Defendant O'Connor was a denial to Plaintiff of his rights under the Fourteenth Amendment of the United States Constitution, and a violation of Title 42, §1983.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $250,000.00 EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

## COUNT II

### VIOLATION OF TITLE 42, §1983
### United States Constitution, Fourteenth Amendment

70. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

71. The Defendant, Elliott Veloso, acting individually and in his official capacity as Assistant City Solicitor for the City of Lowell, Director of Elections for the City of Lowell, and legal advisor to the Election Commission for the City of Lowell, acting under color of law, denied the Plaintiff the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, in that he co-operated with and furthered, without proper cause and in violation of the

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

Massachusetts Statutes provided for same, a procedure designed to deny the Plaintiff his lawfully won seat on the Lowell School Committee.

72. The procedure was without cause and as an attorney, Director of Elections, and legal advisor to the Election Commission, knew, or should have known, the matter was not properly before the Election Commission.

73. As a licensed attorney, the Defendant had a lawful responsibility to verify independently the action instituted by his supervisor, the City Solicitor.

74. Had the Defendant exercised his independent professional judgment and did a modicum of research, he would have learned that there was no lawful basis to institute the procedure against the Plaintiff in front of the Defendant Election Commissioners.

75. The procedure was without cause, was not instigated in accordance with the laws providing for same, and was done for the express purpose of denying the Plaintiff his lawfully won elected office.

76. The conduct of Defendant Veloso was a denial to Plaintiff of his rights under the Fourteenth Amendment of the United States Constitution, and a violation of Title 42, §1983.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $250,000.00 EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

### COUNT III

VIOLATION OF TITLE 42, §1983
United States Constitution, Fourteenth Amendment

77. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

78. The Defendant, Nicholas Anastasi, acting individually and in his official capacity as Assistant City Solicitor for the City of Lowell, acting under color of law, denied the Plaintiff the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, in that he co-operated with and furthered, without proper cause and in violation of the Massachusetts Statutes provided for same, a procedure designed to deny the Plaintiff his lawfully won seat on the Lowell School Committee.

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

79. The procedure was without cause and as an attorney, knew, or should have known, the matter was not properly before the Election Commission.
80. As a licensed attorney, the Defendant had a lawful responsibility to verify independently the action instituted by his supervisor, the City Solicitor.
81. Had the Defendant exercised his independent professional judgment and did a modicum of research, he would have learned that there was no lawful basis to institute the procedure against the Plaintiff in front of the Defendant Election Commissioners.
82. The procedure was without cause, was not instigated in accordance with the laws providing for same, and was done for the express purpose of denying the Plaintiff his lawfully won elected office.
83. Defendant Anastasi never the less signed and filed pleadings in the Middlesex County Superior Court and the Appeals Court seeking to uphold the actions taken by the Defendant Election Commissioners to deny the Plaintiff his lawfully won seat on the Lowell School Committee.
84. The conduct of Defendant Anastasi was a denial to Plaintiff of his rights under the Fourteenth Amendment of the United States Constitution, and a violation of Title 42, §1983.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $250,000.00 EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

### COUNT IV

VIOLATION OF TITLE 42, §1983
United States Constitution, Fourteenth Amendment

85. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.
86. The Defendant, Christine P. O'Connor, acting individually and in her official capacity as City Solicitor for the City of Lowell, acting under color of law, denied the Plaintiff the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, in that she signed and filed pleadings in the Superior Court and the Appeals Court to uphold the finding of the Defendant Election Commissioners

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

87. The Defendant knew the underlying decision without cause, was not instigated in accordance with the laws providing for same, and was done for the express purpose of denying the Plaintiff his lawfully won elected office.

88. In spite of this this, the Defendant opposed the Plaintiff's actions filed in Superior Court, and challenged the decisions in his favor to the Appeals Court, even though she was well aware there was no lawful basis to instigate the underlying action.

89. The conduct of Defendant O'Connor was a denial to Plaintiff of his rights under the Fourteenth Amendment of the United States Constitution, and a violation of Title 42, §1983.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $250,000.00 EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

## COUNT V

### VIOLATION OF M.G.L. c. 12, §11I
Massachusetts State Constitution, Part 1, Article Nine

90. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

91. Defendant Christine P. O'Connor, through threats, intimidation, or coercion, pursuant to her position as City Solicitor of the City of Lowell, without due process and in violation of the rights secured by the Part 1, Article 9 of the Massachusetts State Constitution, attempted to deny the Plaintiff has lawful seat on the Lowell School Committee.

92. Defendant O'Connor, acting in concert with her subordinates, Assistant City Solicitor Elliott Veloso and Assistant City Solicitor Nicholas Anastasi, and willingly aided and abetted by the Election Commissioners Beverly Anthes, Zoe Dzineku, and James Pope, led a campaign using the official offices of all the Defendants, to deny the Plaintiff his rights under the Massachusetts Constitution, Part One, Article 9.

93. The conduct of the Defendants was a denial to Plaintiff of his rights under Part 1, Article 9 of the Massachusetts State Constitution, and a violation of M.G.L. c. 12, §11I.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $250,000.00

Roland L. Milliard
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

### COUNT VI
VIOLATION OF M.G.L. c. 12, §11I
Massachusetts State Constitution, Part 1, Article Eleven

94. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

95. Defendants Christine P. O'Connor, Assistant City Solicitor Elliott Veloso, Assistant City Solicitor Nicholas Anastasi, Election Commissioners Beverly Anthes, Zoe Dzineku, and James Pope, acting under color of law and in their official capacities, through threats, intimidation, or coercion, pursuant to her position as City Solicitor of the City of Lowell, without due process and in violation of the rights secured by the Part 1, Article 11 of the Massachusetts State Constitution, attempted to deny the Plaintiff has lawful seat on the Lowell School Committee.

96. Defendant O'Connor, acting in concert with her subordinates, Assistant City Solicitor Elliott Veloso and Assistant City Solicitor Nicholas Anastasi, and willingly aided and abetted by the Election Commissioners Beverly Anthes, Zoe Dzineku, and James Pope, led a campaign using the official offices of all the Defendants, to deny the Plaintiff his rights under the Massachusetts Constitution, Part One, Article 11.

97. As a direct and consequential result of the actions of the Defendants, individually and collectively, Plaintiff was forced to pay filing fees in court, Summonses fees, Constable fees, transcript fees, printing fees, and attorney's fees in Middlesex Superior Court and the Appeals Court.

98. The Defendants, individually and collectively, had no lawful basis to withhold from Plaintiff the seat on the school committee and, rather than being able to obtain right and justice freely, Plaintiff was forced to purchase justice.

99. The conduct of the Defendants was a denial to Plaintiff of his rights under Part 1, Article 11 of the Massachusetts State Constitution, and a violation of M.G.L. c. 12, §11I.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $250,000.00 EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

## COUNT VI
### VIOLATION OF M.G.L. c. 12, §11I
Massachusetts State Constitution, Part 1, Article Eleven

94. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

95. Defendants Christine P. O'Connor, Assistant City Solicitor Elliott Veloso, Assistant City Solicitor Nicholas Anastasi, Election Commissioners Beverly Anthes, Zoe Dzineku, and James Pope, acting under color of law and in their official capacities, through threats, intimidation, or coercion, pursuant to her position as City Solicitor of the City of Lowell, without due process and in violation of the rights secured by the Part 1, Article 11 of the Massachusetts State Constitution, attempted to deny the Plaintiff has lawful seat on the Lowell School Committee.

96. Defendant O'Connor, acting in concert with her subordinates, Assistant City Solicitor Elliott Veloso and Assistant City Solicitor Nicholas Anastasi, and willingly aided and abetted by the Election Commissioners Beverly Anthes, Zoe Dzineku, and James Pope, led a campaign using the official offices of all the Defendants, to deny the Plaintiff his rights under the Massachusetts Constitution, Part One, Article 11.

97. As a direct and consequential result of the actions of the Defendants, individually and collectively, Plaintiff was forced to pay filing fees in court, Summonses fees, Constable fees, transcript fees, printing fees, and attorney's fees in Middlesex Superior Court and the Appeals Court.

98. The Defendants, individually and collectively, had no lawful basis to withhold from Plaintiff the seat on the school committee and, rather than being able to obtain right and justice freely, Plaintiff was forced to purchase justice.

99. The conduct of the Defendants was a denial to Plaintiff of his rights under Part 1, Article 11 of the Massachusetts State Constitution, and a violation of M.G.L. c. 12, §11I.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $250,000.00 EACH, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

Roland L. Milliard
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

## COUNT VII
### NEGLIGENCE
### MASSACHUSETTS TORT CLAIMS ACT, M.G.L. c.258.

100. The Plaintiff realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.

101. The Defendant, Christine P. O'Connor, acting individually and in her official capacity as City Solicitor for the City of Lowell, was responsible for the hiring, training, and supervising of her staff, to include Assistant City Solicitors

102. The Defendant so negligently carried out her responsibilities that incorrect legal advice was given to a City Department, a complaint was allowed to go forward with no basis in law and neither the Defendant nor her Defendant Assistants discovered this and terminated the procedure.

103. The Defendant's Defendant Assistant Veloso failed to exercise his independent professional judgment and instead permitted hearings to be held that resulted in the Plaintiff having to seek redress in the court system.

104. The Defendant's Defendant Assistant Anastasi failed to exercise his independent professional judgment and instead signed and filed pleadings seeking to uphold a decision that had no basis in law after Plaintiff sought redress in the court system.

105. The Defendants Veloso and Anastasi were so negligently trained and supervised that even when they became aware of the fact that there was no basis in law for the decision of the Defendant Election Commissioners, they maintained their position rather than doing independent legal research to verify the facts.

106. The negligent failure of Defendant O'Connor to train and supervise her staff caused damages to the Plaintiff in accordance with the Massachusetts Tort Claims Act, M.G.L. c.258.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $100,000.00, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

## COUNT VIII
### NEGLIGENCE
### MASSACHUSETTS TORT CLAIMS ACT, M.G.L. c.258.

107. The Plaintiff realleges each and every one of the foregoing paragraphs and

Roland L. Milliard
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

incorporates them herein by reference.

108. The Defendant, Eileen Donoghue, in her official capacity as City Manager for the City of Lowell, was responsible for the day-to-day activities of every department in the Defendant City of Lowell, with the exception of the School Department., and as such was responsible for the hiring, training, and supervising of the City Solicitor and her staff.

109. The Defendant so negligently carried out her responsibilities that incorrect legal advice was given to a City Department, a complaint was allowed to go forward with no basis in law, and resulted in the Plaintiff having to seek redress in the court system.

110. The negligent failure of Defendant Donoghue to train and supervise the Defendant City Law Department caused damages to the Plaintiff in accordance with the Massachusetts Tort Claims Act, M.G.L. c.258.

WHEREFORE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT INDIVIDUALLY AND THE CITY OF LOWELL IN THE AMOUNT OF $100,000.00, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT TO THE COURT DEEMS MEET AND JUST.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Date of signing:        February 29, 2024

Signature of Plaintiff: _Dominik Lay_

Printed Name of Plaintiff    Dominik Hok Lay

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have

Roland L. Milliard
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com

evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

The Plaintiff,
by his attorney,

_____
Roland L. Milliard
BBO# 559361
1470 Lakeview Ave., Suite 2
Dracut, MA  01826
(978)-957-6799
roland@milliardlaw.com

February 29, 2024

**Roland L. Milliard**
Pilgrim Place
1470 Lakeview Ave.
Suite 2
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 559361
roland@milliardlaw.com