United States District Court
District of Massachusetts

| | |
|---|---|
| Dominik Hok Lay, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>City of Lowell, et al., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>24-10514-NMG |

MEMORANDUM & ORDER

GORTON, J.

This action arises out of a disputed school board election. Plaintiff Dominik Lay ("Lay" or "plaintiff") alleges that the City of Lowell ("the City") and several municipal officials (collectively, "the defendants") unlawfully deprived him of his duly-won seat on the City of Lowell School Committee. The complaint seeks relief on various constitutional and common law grounds.

Pending before the Court is defendants' motion to dismiss all counts (Docket No. 13).

## I. Background

### A. Facts

Lay was a candidate for election to the City of Lowell School Committee in 2019. He came in seventh in a race for six vacant seats. In February, 2021, one of the elected committee members resigned and Lay became eligible to fill the vacant seat.

Before Lay was designated to fill the vacancy, then-City Solicitor Christine O'Connor ("O'Connor") began an investigation into his eligibility based on information that Lay was not a resident of Lowell. O'Connor requested and received a tribunal before the City's Election Commission to determine Lay's eligibility. The commissioners voted on his eligibility: one against, one abstaining and one not voting. Defendant Elliott Veloso ("Veloso"), in his capacity as legal advisor to the election commissioners and Director of Elections, ruled that the motion to deny plaintiff the committee seat had passed.

In March, 2021, plaintiff brought suit in the Middlesex County Superior Court seeking an injunction to prevent the City from filling the vacancy and for a declaratory judgment that he be seated on the school committee. The Superior Court judge ruled in his favor. The City, represented by O'Connor and Assistant City Solicitor Nicholas Anastasi ("Anastasi") appealed

the ruling. The Massachusetts Appeals Court affirmed. After further litigation, defendant was sworn in as a school committee member in May, 2021, and he continues to hold that seat today.

### A.     Procedural History

Plaintiff filed an eight-count complaint in this Court in February, 2024. The complaint names seven individual city officials as defendants: City Solicitor O'Connor, Assistant City Solicitors Veloso and Anastasi, Election Commissioners Beverly Anthes, Zoe Dzineku, and James Pope, and City Manager Eileen Donoghue.

Counts I through IV are brought pursuant to 42 U.S.C. § 1983 and allege violation of plaintiff's Fourteenth Amendment rights by defendants O'Connor, Veloso, and Anastasi in both their official and personal capacities. Counts V through VIII allege state-law violations by varying combinations of the defendants.

Defendants now move to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). The Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

Although a court must accept factual allegations in a claim, the doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.

In the context of §1983 litigation, a plaintiff must allege facts sufficient to establish three elements for liability: (1) a deprivation of a right, (2) a causal connection between the defendant and the deprivation, and (3) state action. Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009).

### III. **Application**

#### A. Counts I through IV: Section 1983

In Counts I through IV, Lay brings §1983 claims against defendants O'Connor, Veloso, and Anastasi in both their official and personal capacities. Lay alleges that they

> denied [him] the equal protection of the laws as guaranteed by the Fourteenth Amendment [via a procedure] designed to deny [Lay] his lawfully won seat on the [committee].

He accuses O'Connor of instigating the procedure (Count I), while Veloso and Anastasi "cooperated with and furthered" the procedure (Counts II and III).

Lay also claims that O'Connor and Anastasi violated his Fourteenth Amendment rights by representing the City in its litigation against plaintiff in state court, despite "[knowing] the underlying decision was without cause" (Counts III and IV).

The complaint does not specify whether Lay is alleging violations under the due process or equal protection framework of the Fourteenth Amendment. Defendants address both frameworks in their motion to dismiss and plaintiff confirms in his opposition that he is bringing claims under both. This Court will liberally construe the complaint to allege both sets of claims because "at least some of the operative facts are

discernable" from the pleading. Briand v. Town of Conway, 561 F. Supp. 3d 188, 194-95 (D.N.H. 2021).

### 1. Official Capacity Claims

Bringing suit against a municipal official in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity" of which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The United States Supreme Court held that municipalities are not liable simply by virtue of employing a tortfeasor in Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978).

A municipality can, however, be held liable if its official policy "cause[d] an employee to violate another's constitutional rights." Id. Alternatively, if there is no official policy at issue, the plaintiff must allege an informal custom "as evidenced by widespread action or inaction by public officials." Alston v. Town of Brookline, 308 F. Supp. 3d 509, 533 (D. Mass. 2018)(citing Fletcher v. Town of Clinton, 196 F.3d 41, 55 (1st Cir. 1999)).

Plaintiff identifies neither an official policy nor an unofficial custom as the "moving force" behind the alleged violation of constitutional rights. Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir.1998) (quoting Monell, 436 U.S. at 694).

Indeed, he asserts that the defendants' fatal flaw was in neglecting to follow official policies and procedures to fill vacant committee seats or to challenge a candidate's eligibility.

Moreover, any claim of a widespread municipal "custom" would be logically at odds with plaintiff's equal protection claims (discussed in detail infra), wherein he must show that he was treated differently from others similarly situated. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(per curiam)). Plaintiff cannot have it both ways: he must allege either that City officials engaged in a widespread pattern of misconduct or that they singled him out in a targeted act of misconduct.

The complaint does not include any factual allegations of a policy or custom necessary to support a Monell claim. See Abdisamad v. City of Lewiston, 960 F.3d 56, 60 (1st Cir. 2020) (dismissing Monell claims where the factual allegations "include no facts whatsoever about a . . . policy that would be unconstitutional and create municipal liability").

Counts I through IV are therefore dismissed insofar as they allege official-capacity claims against defendants.

### 2. Personal Capacity Claims

A plaintiff may sue municipal officials in their personal capacity for damages arising from violations of the plaintiff's

constitutionally protected rights. Unlike official-capacity claims, a personal-capacity claim "need not establish a connection to governmental policy or custom." Hafer v. Melo, 502 U.S. 21, 25 (1991). To survive a motion to dismiss, the plaintiff must instead show that

> the challenged conduct is attributable to a "person" who acted "under color of state law," and that it caused the plaintiff to be deprived of rights, privileges or immunities secured by the United States Constitution or by federal law.

Ahern v. O'Donnell, 109 F.3d 809, 815 (1st Cir. 1997)(quoting 42 U.S.C. §1983).

Lay makes general allegations of Fourteenth Amendment violations without indicating clearly the specific rights of which he allegedly was deprived. Rather, he "focus[es] on numerous acts of the defendants" and "assume[s] . . . that these acts implicate rights secured by the Constitution and laws." Landrigan v. City of Warwick, 628 F.2d 736, 741 (1st Cir. 1980).

As stated above, the Court will liberally construe the complaint as alleging claims under the procedural due process, substantive due process and equal protection frameworks of the Fourteenth Amendment. The Court addresses each claim in turn.

### i. Procedural Due Process

A valid procedural due process claim must first "identify a protected liberty or property interest," then allege a

deprivation of that interest "without constitutionally adequate process." González-Droz v. González-Colón, 660 F.3d 1, 13 (1st Cir. 2011) (internal quotation marks omitted).

Plaintiff's failure to identify any protected interest proves fatal to this particular claim. Estate of Bennett v. Wainwright, 548 F.3d 155, 163 (1st Cir. 2008). The text of the complaint appears to allege a deprivation of plaintiff's "lawfully won elected office." As defendants correctly respond, an individual has no protected property right in an elected political office. Snowden v. Hughes, 321 U.S. 1, 7 (1944).

Plaintiff retorts that he is not "claim[ing] a property right to the office of school committeeman" but rather "due process rights" to be "treated equally and fairly under the laws of Massachusetts and the United States of America." He then lists several "due process rights" of which he was allegedly deprived:

>    (1)  the right to a fair hearing,
>
>    (2)  the right to be challenged for his eligibility pursuant to specific statutes,
>
>    (3)  the right to know the identity of his accuser, and
>
>    (4)  the right to run for public office.

None of the rights Lay enumerates can support a procedural due process claim.

The first and second "rights" fail to "distinguish the substantive right from the procedure designed to prevent its arbitrary deprivation." Doe v. Milwaukee County, 903 F.2d 499, 502 (7th Cir. 1990). Lay's claim rests on the circular reasoning that a constitutionally inadequate process deprived him of his protected right to a constitutionally adequate process. That fundamentally misconstrues the doctrine:

> The constitutional right to due process is not . . . an abstract right to hearings conducted according to fair procedural rules. Rather, it is the right not to be deprived of life, liberty, or property without such procedural protections.

Okpoko v. Heinaur, 796 F. Supp. 2d 305, 318-19 (D.R.I. 2011)(quoting Monk v. Huston, 340 F.3d 279, 282-83 (5th Cir. 2003)). Procedural safeguards are not, themselves, protected interests for the purposes of procedural due process claims. See Temple v. Inhabitants of City of Belfast, 30 F. Supp. 2d 60, 68 (D. Me. 1998).

Lay's third "right," liberally construed, refers to a defendant's Sixth Amendment right to confront one's accuser. Sixth Amendment rights are specifically limited to criminal prosecutions and therefore inapplicable. United States v. Ward, 448 U.S. 242, 248 (1980).

Finally, Lay suffered no deprivation of his fourth listed "right" to run for public office. He ran for the Lowell School

Committee and lost. The complaint makes no allegation that any of the named defendants impeded, or attempted to impede, his candidacy in the course of the election.

Counts I and IV therefore do not raise procedural due process claims sufficient to survive a motion to dismiss.

### ii. Substantive Due Process

A substantive due process claim also requires the plaintiff to show that he was deprived of a protected interest in life, liberty or property. Rivera v. Rhode Island, 402 F.3d 27, 33-36 (1st Cir. 2005). The kinds of liberty and property interests protected by substantive due process are, however, "much narrower" than those protected under the procedural due process framework. Gonzalez-Fuentes v. Molina, 607 F.3d 864, 880 n.13 (1st Cir. 2010). Plaintiff must specifically name "fundamental" rights and liberties which are "deeply rooted in this Nation's history and tradition," Washington v. Glucksberg, 521 U.S. 702, 720 (1997), or are "implicit in the concept of ordered liberty." Palko v. Connecticut, 302 U.S. 319, 325 (1937).

Like his procedural due process claims, Lay's substantive due process claims fail at the first step because they do not identify any such fundamental liberty or property interest implicated by defendant's conduct. Pimentel v. City of Methuen, 323 F. Supp. 3d 255, 269 (D. Mass. 2018) (quoting Swarthout v.

Cooke, 562 U.S. 216, 219 (2011)). Plaintiff does not cite to the Court any case which establishes that he has a protected interest in serving on the Lowell School Committee, let alone one so fundamental as to implicate substantive due process. See Snowden, 321 U.S. at 7.

Counts I through IV do not plead facts sufficient to allege substantive due process violations.

### iii. Equal Protection

Typically, to plead an equal protection violation, plaintiff must allege that

> compared to others, similarly situated, [he] was selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

Marrero-Gutierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007).

However, the United States Supreme Court has recognized that a plaintiff may assert that he is a "class of one," as opposed to a member of a protected class. Village of Willowbrook, 528 U.S. at 564. A plaintiff bringing a "class-of-one" claim must show that he was

> intentionally treated differently from others similarly situated [and that] there was no rational basis for the difference in treatment.

Id. (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006)). The complaint must allege an "extremely high degree of similarity" between plaintiff and his or her comparators. Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007).

Plaintiff does not identify a single individual who was similarly situated to him. The complaint focuses exclusively on his treatment by the defendant-officials and the process he endured to defend his eligibility for a school committee seat. Plaintiff does not speculate whether other individuals, e.g., candidates he ran against in the 2019 election, were subjected to similar eligibility investigations.

The conclusory allegation of the complaint that he was singled out for disparate treatment, with no facts to support it, is insufficient. Plaintiff's equal protection claims will therefore be dismissed but he will be afforded an opportunity to file an amended complaint alleging equal protection claims if the facts so warrant.

**B. State Law Claims**

Because this Court dismisses all federal-law claims against defendants, it declines to exercise jurisdiction over the remaining state-law claims.

A federal court may either continue or decline to exercise supplemental jurisdiction over remaining state law claims once all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). Retaining jurisdiction is warranted only if it would serve "the interests of fairness, judicial economy, convenience, and comity." Wilbur v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017).

At such an early stage in the litigation, the equities do not weigh in favor of the Court retaining jurisdiction over the surviving claims. Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). With pretrial discovery or trial preparation yet to occur, the parties have invested relatively little time or resources into the suit. See Rivera-Díaz v. Humana Ins. of P.R., Inc., 748 F.3d 387, 392 (1st Cir. 2014). In fact, there has been no activity in this case since plaintiff filed his opposition more than six months ago.

The Court accordingly declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice to plaintiff filing suit in state court. See Grispino v. New England Mut. Life Ins. Co., 358 F.3d 16, 19 (1st Cir. 2004). Plaintiff may alternatively refile the claims in this Court as part of an amended complaint if, as noted above, the facts warrant raising federal equal protection claims.

## ORDER

For the foregoing reasons, the motion to dismiss (Docket No. 13) is **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: December 11, 2024